| | | | |
|---|---|---|---|
| | AUSA: Douglas C. Salzenstein | | Telephone: (313) 226-9196 |
| AO 106 (Rev. 04/10) Application for a Search Warrant   Task Force Officer: | Scott Holdreith | | Telephone: (248) 879-6090 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
)   Case No.
Location data for a T-Mobile/MetroPCS cellular telephone )
(More fully described in Attachment A) )
)

Case: 2:17−mc−50842
Judge: Borman, Paul D.
Filed: 6/14/2017
IN RE: SEALED MATTER (MAW)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See ATTACHMENT A.

located in the ___Eastern___ District of ___Michigan___, there is now concealed *(identify the person or describe the property to be seized)*:

See ATTACHMENT B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- [x] evidence of a crime;
- [ ] contraband, fruits of crime, or other items illegally possessed;
- [x] property designed for use, intended for use, or used in committing a crime;
- [ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1951 | Interference with commerce by threats or violence |

The application is based on these facts:
See attached AFFIDAVIT.

- [ ] Continued on the attached sheet.
- [x] Delayed notice __30__ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Scott Holdreith, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: June 14, 2017

*Judge's signature*

City and state: Detroit, MI        Elizabeth Stafford,   U. S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(248) 828-6212.** | Case No.    Case: 2:17–mc–50842 <br> Judge: Borman, Paul D. <br> Filed: 6/14/2017 <br> IN RE: SEALED MATTER (MAW) <br><br> **Filed Under Seal** |

## AFFIDAVIT IN SUPPORT OF

## AN APPLICATION FOR A SEARCH WARRANT

I, Scott Holdreith, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41, 18 U.S.C. §§ 2703 and 3122-3124 to authorize law enforcement to employ various electronic investigative techniques, further described in Attachment B, to determine, *inter alia,* the location of the cellular telephone assigned call number **(248) 828-6212** (the "**Target Cell Phone**"), which is described in Attachment A.

2.  I am a Task Force Officer assigned to the Federal Bureau of Investigation (FBI) Gang and Violent Crime Task Force in Oakland County, Michigan, since July 2016. I have experience in the investigation, apprehension and prosecution of individuals involved in criminal offenses, the use of cellular telephones to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cellular telephones and their locations. Since becoming a Police Officer with the Madison Heights Police Department in January of 2013, I have investigated a variety of criminal activities to include robbery.

3.  The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers, victims, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4.  Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1951(a) have been committed, are being committed, and/or will be committed by the suspect(s) possessing the **Target Cell Phone**. There is also probable cause to believe that the location of the **Target Cell Phone** will constitute or contain evidence of those criminal violations.

2

5. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1).

## PROBABLE CAUSE

The facts establishing probable cause are as follows:

6. On June 3, 2017, at approximately 11:05 a.m., a white male entered the Walgreens Pharmacy located at 26800 John R Road, Madison Heights, Michigan, approached the pharmaceutical counter and pointed a black handgun at an employee. The white male demanded prescription drugs, specifically, OxyContin and said the employee had 10 seconds to fulfill his request. After receiving approximately 350 OxyContin pills, the white male fled the scene.

7. On June 12, 2017, the Madison Heights Police department issued a media release and images of the suspect from the Walgreens' incident.

8. On June 12, 2017, a relative of MARK TIMOTHY WHITE (witness-1) contacted the Madison Heights Police Department after seeing the media release regarding the Walgreens' robbery. Witness-1 identified the suspect in the robbery

3

MARK TIMOTHY WHITE and the **Target Cell Phone** as the number used by WHITE.

9. On June 12, 2017, a former co-worker of WHITE (witness-2) contacted the Madison Heights Police Department after seeing the media release regarding the Walgreens' robbery. Witness-2 identified the suspect in the robbery as WHITE.

10. On June 13, 2017, Madison Heights Police Department investigators presented a photo line up to three other witnesses/victims from the Walgreens' incident. These witnesses/victims identified WHITE as the suspect that committed Walgreens robbery.

11. I know from my training and experience that individuals who engage in criminal activities such as robbery frequently keep their cellular telephones with them so that determining the location of the cellular telephone will aid in determining the location of the person using that cellular telephone. Therefore, I also believe that identifying the location of the **Target Cell Phone** will identify the locations of the user and thereby constitute admissible evidence and lead to additional admissible evidence, including providing further evidence regarding the user of the **Target Cell Phone** and its location.

12. I know from my training and experience that individuals engaged in criminal activities such as robbery frequently use cellular telephones registered in the names of others and/or without any registered name in an attempt to elude law enforcement surveillance and detection.

13. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to

5

a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise than E-911 Phase II data.

14. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the **Target Cell Phone**, including by initiating a signal to determine the location of the **Target Cell Phone** on T-Mobile network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that T-Mobile can collect cell-site data about the **Target Cell Phone.**

16. In my training and experience, I have learned that cellular phones communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular phone broadcasts certain signals to the cellular tower that is routing its communication.

## AUTHORIZATION REQUEST

17. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the

warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the **Target Cell Phone** would seriously jeopardize the ongoing investigation. Such disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is a reasonable necessity for the use of the techniques described. *See* 18 U.S.C. § 3103a(b)(2). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is a reasonable necessity for that seizure. *See* 18 U.S.C. § 3103a(b)(2).

19. I further request, pursuant to 18 U.S.C. § 3123, the installation of a pen register and trap and trace device to monitor non-content signaling and routing information. I also request disclosure by the telephone service provider all information necessary to implement the requested techniques, including subscriber information, handset information, and per call measurement data (PCMD).

20. I further request that the Court direct the telephone service provider to disclose to the government any information described in Attachment B that is within the possession, custody, or control of the telephone service provider. I also request that the Court direct the telephone service provider furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the telephone service provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the telephone service provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the telephone service provider for reasonable expenses incurred in furnishing such facilities or assistance.

21. I further request that the service provider provide call detail records, including cell site location information, for the past thirty (30) days. 18 U.S.C. § 2703.

22. I further request pursuant to 21 U.S.C. § 879 that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the **Target Cell Phone** outside of daytime hours.

23. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order

of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation. I further request that the Court order any service provider, or their representatives, not to disclose the existence of this warrant or investigation unless ordered to do so by the Court.

24. Although a search warrant may not be legally necessary to authorize all of the investigative techniques described herein, I hereby submit this warrant affidavit out of an abundance of caution.

_____
Scott Holdreith
Task Force Officer
Federal Bureau of Investigation

Sworn to before me and signed in my presence and/or by reliable electronic means this ___14th___ day of June, 2017

_____
Hon. Elizabeth Stafford
United States Magistrate Judge
Eastern District of Michigan

9

## ATTACHMENT A

### Property to Be Searched

1. This warrant authorizes the use of electronic investigative techniques and collection of information described in Attachment B on the cellular telephone assigned phone number (248) 828-6212 (the "Target Cell Phone"), whose wireless service provider is T-Mobile/MetroPCS a company headquartered in Bellevue, Washington.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of T-Mobile.

## ATTACHMENT B

### Particular Things to Be Seized

All information about the location of the **Target Cell Phone** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, per call measurement data (PCMD), real time cell site data, and other precise location information as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A. It also includes monitoring non-content signaling and routing information through the installation of a pen register and trap and trace device, pursuant to 18 U.S.C. §3123, by the service provider and the Federal Bureau of Investigation. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone

11

on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile, T-Mobile is required to disclose the Location Information to the government. In addition, T-Mobile must furnish the government all information, to include subscriber and handset information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile's services. This includes initiating a signal to determine the location of the **Target Cell Phone** on T-Mobile's network or with such other reference points as may be reasonably available, and, at such intervals and times directed by the government. The service provider must also furnish call detail records, including cell site location information, for the past thirty (30) days. 18 U.S.C. § 2703. The government shall compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance. Any service provider or representative who gains access to the information in this warrant shall not disclose the existence of the warrant or investigation unless ordered to do so by the Court.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

AUSA:  Douglas C. Salzenstein  Telephone: (313) 226-9196
Task Force Officer:  Scott Holdreith  Telephone: (248) 879-6090

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched or identify the person by name and address)* <br> Location data for a T-Mobile/MetroPCS cellular telephone <br> (More fully described in Attachment A) | Case: 2:17-mc-50842 <br> Judge: Borman, Paul D. <br> Case No. Filed: 6/14/2017 <br> IN RE: SEALED MATTER (MAW) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____Michigan_____.
*(identify the person or describe the property to be searched and give its location):*

See ATTACHMENT A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized):*

See ATTACHMENT B.

**YOU ARE COMMANDED** to execute this warrant on or before  June 28, 2017  *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  the presiding United States Magistrate Judge on duty  .
*(United States Magistrate Judge)*

☑ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for  30  days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:   June 14, 2017  4:12 pm     *Elizabeth A. Stafford*
                                                    *Judge's signature*

City and state:   Detroit, MI           Elizabeth Stafford,        U. S. Magistrate Judge
                                        *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*